Good morning ladies and gentlemen. Our first case for this morning is Green Valley Investment against Winnebago County. Mr. Olson. May it please the court, I'm Jeff Olson. I'm here for Green Valley. Green Valley opened Stars Cabaret, a gentleman's club in rural Winnebago County, Wisconsin north of Oshkosh in 2006. In 2012, Winnebago County changed its zoning scheme for adult businesses by amendment for the third time since Green Valley opened Stars Cabaret, and at that point we were here on appeal challenging the previous incarnation of the zoning scheme, and I wrote to John Bodner, County Corporation Counsel, and I said under your new ordinance it looks like if we're grandfathered we can go forward and peaceably coexist with the county, and we think we are a non-conforming occupancy, and I didn't hear anything back from him for a month so we dismissed our appeal. He was thinking about it. I guess he was for six months as a matter of fact, because we dismissed our appeal here. Did he drop in to see the We don't ask. We don't ask. He's a strong First Amendment man, he could follow what Justice Fleck did, turn his back on it while he was doing it. I believe he's a staunch First Amendment supporter. But Mr. Olson, I mean I want to focus your attention on one thing. Sure. This ordinance, as we all understand, has in subpart six severability provision, and what I want you to focus on if you would for a minute is the setback provision of the ordinance. Sure. If that were the only thing left standing, why wouldn't that be enforceable? Well, it has to be set back 2,000 feet, and so if you're going to use the term adult establishment, you have to define it. And there is a definition of adult establishment in the ordinance that would have to be left there so that the setback provision can function. And if that's left as a definition of a zoning use, then you've got a defined land use for zoning purposes, adult establishment, and nowhere in the county it can locate lawfully. So explain a little bit more what you mean by the nowhere in the county it can locate lawfully. Sure. Winnebago County, like every single other zoning jurisdiction in Wisconsin, has a prescriptive zoning scheme. That means it lists those uses that are lawful in various places on the zoning districts by definition and lists those uses that can be located in them as either conditional uses or principal uses. You can't have a zoning scheme that zones adult uses by conditional use because it's a discretionary permitting process. Everybody agrees with that. Judge Griesbach took all of that conditional use business out of the ordinance. So then, if you're going to have a legal zoning scheme that leaves adult businesses somewhere to locate, that means they have to be a principal use somewhere on the zoning map if you're going to zone them at all. And leaving the definition of adult establishment in the ordinance so that the setback requirement can function creates a zoning use that's not listed as a principal use in any of the zoning categories in the Winnebago County zoning ordinance and therefore... Because the ordinance takes the approach, and I guess you're saying this is typical in Wisconsin, that everything is forbidden unless it's permitted. That's correct. That's Wisconsin zoning law. So does this get into the question whether there is a separate highway or B3 highway business district as opposed to a B3 business district or is that a separate point in your view? Well, it's kind of a separate point, but it's related in the sense that it is related to the question, is there any place after you do this severing and excision that Judge Griesbach thinks you have to do to save this ordinance, is there any place where an adult establishment can lawfully locate? And the county on page 22 of their brief proposes striking out the word highway from the specification of the zoning district where an adult overlay district, which they want to rewrite the language to create an adult establishment, where that can lawfully locate. The problem with striking out the highway is that you're talking about two different zoning districts on the zoning map, two different sets of boundaries. Is that map in the record? Excuse me? Is that map in the record? I don't know that the map... I don't think it is. I don't... I think that's part of what we've looked for. Nobody put the map in the record. I was looking too, and it's the county's burden to show that there's a lawful location for adult businesses if they want to argue that their ordinance is constitutional, so I think... What is this highway district, to go back to the Chief's question? Sure, there's... Is it mentioned in the ordinance? Yeah, the zoning ordinance, which is in the appendix to our principal brief, and right before the adult ordinance starts, there's the zoning descriptions of general business district, B3, and then followed by highway business district. That's got some handwriting on it for some reason, but that's the one we got from the county that's in the record. The highway business district is a separate zoning district from the general business district, and it's a place where things like motels get located. The original... How is it distinguished as a matter of substance from the B3 business district? It's two different places on the map, as far as we can tell. What's different about them? What's... Substantively, what's different about them? Well, what's different about it is the kinds of uses that you can locate there. On page, I think, 17 of our appendix, there's the general business district, and it lists all kinds of principal uses like auction galleries, automotive parts, food lockers, etc., and it gives some conditional uses too. And then on page 19, you see you have the highway business district, and that includes a different set of uses. Highway-oriented recreation like driving ranges, discount department stores and discount centers, and subject to the adult ordinance, adult entertainment overlay district. So there are two different places on the map, and if you cross out the word highway, you move adult businesses from the highway business district to the general business district. And that's a big step for this court to take because there's no way of knowing what the Winnebago County Board would have wanted to do. Given the stipulation of unconstitutionality, isn't it entirely possible that the entire permissive use scheme is simply... has to fall? As far as it applies to adult businesses, it is out of the ordinance by Judge Griesbach's decision, yes. The entire... In all that's left of the 2006 scheme may be these two factors, the alcohol and the problem, and the other one that supplies the setback. Well... That may be all you have. If they stand together, just the two of them? The alcohol prohibition can't stand without a definition of adult establishments. The setback provision can't stand without a definition of adult establishments. It's not a self-defining term. If you just say there shall be no alcohol served in adult establishments, and you don't define adult establishments, that could be taverns where you have to be 18 to get in, or any place. Are you saying adult establishments, or do you mean adult entertainment district? Adult entertainment establishments. I thought there were two definitions, and actually there's some confusion about this in the record too, that part of what the district judge did was he struck the term adult entertainment overlay district, and he substituted the term adult establishments, and I understood Winnebago County to be arguing that these were actually synonymous, and I understood you to be arguing that actually no, they're not synonymous. Well, they're not because the district is a place on the map, and an establishment is a business. So they really are just two separate terms. They're completely separate concepts. So as I understand your overall strategy, if you can knock out these last two things that Judge Ripple just mentioned, the alcohol prohibition and the setback, you would then have an 100% void under your view, and thus that would establish your original decision to open this place as a non-conforming use, and then you would fall under Wisconsin non-conforming use law. That's correct. Mr. Bodner's response when it finally came in to my letter was, no you're not entitled to grandfather status because you were not lawful in 2006. We contend we were lawful because the only ordinance we were violating was the unconstitutional zoning law. If we take out these last two provisions that Judge Griesbach said you could salvage, then there was nothing that we were violating in 2006. The definition of adult establishments is in the ordinance on page 20 of our appendix, and it's defined to include all of these subspecies of adult uses, including adult cabarets. So here's another question I have, which I actually will ask your opponent as well. It's very important, I think, to nail down whether there are in fact places within Winnebago County where this could at least theoretically exist, and I understood Winnebago County to be saying that there were some 16 places and if not 16 then maybe at least three, and you of course oppose that. Do we need further fact-finding on this? Is this something we should even decide with the record as it now is? Well I don't think there's any reason to give the party with the burden a second kick at the cat if they want to come in and argue that there can be places that are outside, are you talking about places that are inside the jurisdiction of county zoning? Well here, yeah, they named 16 places that met the setback requirements, but you know 14 of those or something were zoned agricultural, so they don't qualify as alternative avenues because they'd have to be discretionarily rezoned in order to cite an adult business there. The other ones were in the general business district and adult businesses can't be there either unless you cross out the word highway, and if you would have told the Winnebago County Board you can't put adult businesses with this 2,000 foot setback requirement in the highway business district because there aren't any sites that qualify, we don't know what they would have done. They might have said okay, cross out highway and put it in the general business district like the county says now. You're just objecting to the court doing it on its own. Well, I'm telling you there's other things the county board might have chosen to do. I understand that, but your beef is that the judge did it for them. Yes. Your beef is that the judge rewrote as opposed to just excised certain parts of the ordinance. Yeah, and Judge Griesbach really rewrote without giving any consideration to whether he left an ordinance that left any place for adult businesses to locate. You're in your rebuttal argument time, I just thought I'd call it here too. I am, so I think I'll sit down. I'll let you save the rest. Thank you. Thank you. Mr. Cranley. Thank you, Your Honor. May it please the court, we're here today discussing a 2006 ordinance that was repealed and replaced in 2007. If this court does what Green Valley requests and finds it to be unconstitutional, that ruling will affect and benefit one and only one party, and that's Green Valley, who wants to continue to operate in violation of county law. Well, that's their argument, actually. They're saying at the time they opened their establishment, there was no constitutional ordinance that prohibited them from doing so. My guess, as a former antitrust lawyer, is that they don't mind at all the fact that other establishments might not come in and they may be the only non-conforming use, but that's why we're looking at this ordinance, right? I agree, but the point is this isn't a situation where we're talking about a forward-looking, effective ordinance that's going to affect other establishments going into the future. This is a one-time deal. Right, that's absolutely true, but we need to see whether, a couple of things, you know, whether the district court, in attempting to apply the severability authority that the ordinance gives, stayed within proper boundaries, or whether just striking the word highway, for example, from B3 Highway Business District and talking about B3 districts is such a, actually, that's a broadening change, and it's not at all clear to me that Winnebago County wanted to allow adult establishments throughout the B3 business districts. Well, let me address that point quickly, and then get to the severability as a whole. A highway business district is an overlaid district within a general business district. But how is the record on this? I mean, Joe Trickle raised a very important point, namely the lack of a map, the lack of information. If you look at this ordinance in the appendix, Ordinance 17.13, it, you know, there's a heading B3 general business district, but then you get to all this handwriting and stuff, and highway business uses seems to be something quite different, a narrower set of uses. Correct, within the B3 business district, and the choice that we're... So are you saying Winnebago County wanted adult establishments to be permitted throughout the B3 business district, or only within the overlay highway district? I'm saying that when they drafted this, they wanted them to be in the overlay highway business district, just as they wanted to have a conditional use permit requirement. Okay, but then when the district court strikes the word highway, the district court is actually now saying that adult entertainment, adult establishments, don't need to be restricted to the highway overlay. They can be anywhere in the B3. Right, but the question we're asking is whether the Winnebago County Board would have preferred to have no regulation whatsoever as to location of adult entertainment establishments, or whether they would have preferred to have them  in the highway business district. But that's where we get to this problem. I mean, I had a real difficulty with your argument that calling adult establishments the same thing as an adult entertainment overlay district was simply two different ways of saying the same thing. There's a general principle of statutory statute, each word has to mean something specific, etc. Well, the point there is that they were functionally the same thing. In other words, an adult entertainment overlay district was not something that was drawn onto the map. Had we had a map to produce, you wouldn't have seen drawn on there a shaded area where somebody wanted to open a gentleman's club could find an address and go and open up. Am I supposed to take judicial notice of that fact, or what? What you just said? Well, no, but the way the ordinance functions, you applied for a permit, were granted a permit to open an adult entertainment establishment, and that established the adult entertainment overlay district. And the parties have agreed to that. That's in both parties' briefs, that these were co-extensive concepts, the overlay district and the adult establishment. And that's why... I'm looking at the stat, at the ordinance though, subpart D, adult entertainment district parent overlay general standards. I don't know, I think you're asking us to take a lot for granted. Well, what we're asking, Judge... And you are agreeing, are you not, that there is still no place in Winnebago County without some sort of conditional use process that an adult establishment could open? No, there are... We've identified 16 locations, as we talked about. Oh, right now? Oh, currently, under this... Is there any place in Winnebago County, without going through an extra discretionary step of getting a conditional use permit, or a variance, or some sort, or rezoning, something, is there any place where this kind of establishment can open? In 2006, well, there was a conditional use permit requirement in the statute, but in 2006 there were a number of locations, including, at a minimum, those three general business district locations. So you're taking the position that even though they weren't in the highway overlay district, that with no permit requirement at all, if STARS Cabaret had simply chosen one of the three parcels you've identified, they could have just opened and happily done business up to the present moment. Are you saying that because there was a conditional... Well, there was a conditional use permit requirement at the time. The question we're asking now... Right, and that's what the... Well, that's a big problem. But isn't the question we're asking now, Judge, that if we sever the conditional use permitting requirement from that ordinance, was it capable of being carried out? That's what the law requires us to do at this point. Right, and that's where I think you get to Mr. Olson's point about the need for the ordinance to permit this use somewhere. If it's not permitted anywhere, then it's forbidden. Well, what they're asking you to do... Isn't that what Wisconsin law says? You need a place. That is the general statement of the law, correct. However, these ordinances are frequently not models of clarity, and particularly in the case where we're talking about whether this is a constitutional ordinance following severance, and this court is obligated to find any constitutional interpretation or any interpretation that will render it constitutional. What they're asking you to do is to say, well, it's described here. The uses are described in the ordinance. The district is established by the ordinance. It's written there on the page, but because it doesn't specify that it's a principal use, and you don't need a permit anymore, that the court should interpret that as being now three pages of superfluous language in the ordinance. And I don't think that that's... I think the court is required to find a constitutional way to look at this statute or this ordinance, and that's easy enough to do. But I don't think it is that easy to do without rewriting the ordinance the way the district court did it, and assuming that Winnebago County didn't want a methodology when it clearly did. Well that's right, but now the question we're asking is not did they want that, but would they rather have no conditional use requirement and have some regulation, or would they rather have no regulation at all? And I think it's pretty clear that if given the choice between no regulation whatsoever and a regulation that would allow no conditional use permit and location anywhere in a general business district, they would have gone for that. And even if the entire ordinance is thrown out, there's one aspect of the ordinance, that alcohol provision, that everybody agrees that the county is well within its rights to regulate. And the only... Again, you've got Judge Griesbach's decision to change the term adult entertainment district to adult entertainment establishment. So are you saying it's impossible to have a district that has two establishments in it? No. Then a district is something different from an establishment. A district is a place, meets and bounds, and an establishment is a business. Correct. So you could have two adult entertainment businesses in one adult entertainment overlay district. I don't think that's functionally how the ordinance works, because a district was established each time a permit was issued for an adult establishment. So what you would have is multiple districts. Where is that in the record? It's in the ordinance insofar as that's how a district was created through the permitting scheme. But my point is, I think that this court, in finding a constitutional interpretation of the statute, can read adult entertainment district to mean adult establishment, such that this, to effectuate the county's clear goal of prohibiting alcohol in adult establishments. That's not as big of a leap as this court has made in other cases, like in the Schultz versus Cumberland case, where the court said we're going to interpret the word regularly as meaning always, so that they could avoid the overbreadth. I don't disagree with you at all that if you didn't have all these other preliminary problems, we've upheld on a number of occasions municipal and other regulations saying no alcohol in particular kinds of establishments. I think it's sort of the problem that arises before that, like is this ordinance susceptible to the kind of rewrite that the district court performed? Well, first of all, the setback requirement does not have to be rewritten. I mean, it does not refer to adult overlay district. In section D2, it says no more than one of the above adult uses may be established, and the establishment of any one of the and so forth. It nowhere mentions adult overlay district in that particular paragraph, and as Judge Griesbach says, you don't need to do any rewriting or even substitution of terminology to make that work. The problem I thought that they had with that was that you still had to have adult entertainment. You have to provide a reasonable opportunity under rent for them to express that form of speech. And your showing, it seems to me, indicates that there were no places in Winnebago County in 2006 where this kind of establishment could open as a matter of right. If you conclude that having to request and zoning of a particular district for your new purpose rules out a particular parcel, then we're left with three, the general business district locations. But even those three requires us to draw a distinction between this highway business use and general business use. That's true, but remember a highway business district is an overlay district within a general business district, and again that's easily severed from the statute to reach a constitutional interpretation of it. I don't see that it's easily severed at all because it says the adult entertainment overlay district shall only be established by conditional use permit in situations in which the underlying district is a B3 highway business district. Right, so there are two things in there, a kind of district that we're not going to have anymore and a conditional use permit. Either, first of all with respect to the highway, if you just take the word highway out, then you're talking about in situations in which the underlying district is a B3 business district, which is what we're we're talking about. With respect to the adult entertainment overlay district reference. Conditional use permit requirement. Well that obviously, I mean I think that's correct. What he did that is objectionable to Green Valley is that he changed the words adult entertainment overlay district to adult establishment, and I'm saying there's two ways I think that that can be approached. Number one is that an adult entertainment overlay district is functionally the same, and so there's no need to really even change that for purposes of achieving a statutory, I'm sorry a constitutional interpretation of this ordinance. We can just leave it as it is, but just as in Schultz and other cases like that where the court has made an interpretation of a word in order to achieve constitutionality. And then the other approach would be to do exactly what Judge Griesbach did, which I don't think is rewriting in the sense that cases like PAPS-AM versus City of Erie have said it come up with a whole new rewrite or all new language out of whole cloth to make this ordinance work. I mean you can wrap up if you like. The white light is just kind of an early warning signal. Okay the other point I would like to leave the court with is that this, even if the court concludes that the setback restriction is not constitutional because it doesn't leave reasonable avenues or available avenues of expression, the other issues in this case and what really predominates this case at this point are state law questions. Whether and how to sever this statute and how it should be interpreted in light of removing that issue or the permitting requirement is a state law question. Whether or not STARS Cabaret was a lawful use under state zoning law is a state law question and this court could make that decision on this one issue and have the state court make those decisions which are truly state court decisions to be made. This case didn't start out in the state court, this was just a 1983 case, so I think you're relinquish supplemental jurisdiction. There's obviously a First Amendment claim here. Although that claim has become pretty small now, I mean we're talking about... It's still a claim. There's a First Amendment claim and there's supplemental jurisdiction and I take your argument to be simply that state law issues are important and there's a case to be made for the district court relinquishing that jurisdiction. That's correct. That's all I have your honor. If there are no other questions. Okay, thank you very much. Thank you. Mr. Olsen, I think you have six minutes. A few points. Mr. Cranley tells you that the highway business district is an overlay district within the general boundaries of the general business district. I don't think that's correct and I know it's not supported in the record. The only references to the highway business district that I'm aware of in the record are the ones on page 19 and 22 of our appendix. The one on page 19 defines the uses within the highway business district and it doesn't call it an overlay district and it doesn't say it's within the general business district and on page 822 that's the part of the adult zoning ordinance from 2006 that says adult overlay districts will only be established by conditional use within the highway business district and that doesn't call it an overlay district or refer to as being within the general business district. So I don't think... It seems to be a subpart B of part 5. I mean maybe that's what all this scribbling is but I'm confused as to what where it really fits in. I'm just trying to figure out what somebody struck through the B. I don't think the court can give effect to the scribbling. I think the court has to go by the printed version but in any event it was the county's burden if it wanted to show something about the highway business district that makes it easier for the court to just switch horses over to the general business district was the county's burden to show that it's an overlay district to put in the zoning map, show how the territory changes when you change from highway to general, etc. They didn't do any of those things. Now they want apparently a second kick at the cat to go and do it somewhere in state court. They shouldn't get it. This case raises important First Amendment questions about the right of a First Amendment protected business to exist in the face of a succession of unconstitutional zoning ordinances and I think it's about time they had some closure. One point, the district court didn't strike the word highway from the provision that requires adult businesses to locate within the highway business district. Judge Griesbach missed the point that what he was doing didn't allow adult businesses anywhere to locate and he didn't do that. That comes strictly from the county's brief at page 22 and when they do it in their little example of the language to strike they don't say anything about it in their brief as to why they're doing it. We had to figure out that the reason they were doing it was because their affidavit from their zoning administrator said there's three sites that meet the setback requirements in the general business district but he didn't say there were any within the highway business district so that's why they had to strike that word in their brief. I want to leave the court with my own personal plea to please don't bend or break that old rule of statutory construction that says that courts in order to save a non-constitutional enactment can cross outwards but you can't add them. That seems to me to be as clear a rule as we have in the way courts have to approach these things and I would hate to be the one to go down in history as the person whose case put a chink in that wall. It's a good rule and we ought to keep it. We're told that these are state law questions in an apparent attempt to get the court to duck the final disposition that this business is entitled to grandfather status. Well if there were some significant state law question that might be a persuasive argument but we are pointed to none. A state law question of construction we are pointed to no difficult questions of construction that might be appropriate to defer to the Wisconsin court system. State law questions about whether this was an unlawful operation in some other way that might preclude them from getting grandfather status even if this whole zoning ordinance is declared unconstitutional. You can't make that argument with a straight face unless you point to some state law or local ordinance that they were in violation of and they don't do so. They say they misrepresented things on their liquor license. We say they didn't but the point of the matter is their liquor license has been renewed every year by the town of Nina so they haven't been operating in violation of the liquor license statutes. They haven't been violating any other law but the unconstitutional void as the ab initio 2006 zoning law. Thank you. All right thank you. Thanks to both counsel. We will take the case under advisement.